# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| U.S. ex rel. RONALD SMITH (R-07226), ) | |
| ) | |
| Petitioner, ) | No. 10 C 2767 |
| ) | |
| v. ) | Judge Joan H. Lefkow |
| ) | |
| DAVE REDNOUR[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Ronald Smith, seeks a writ of *habeas corpus* against Menard Correctional Center Warden, Dave Rednour, pursuant to 28 U.S.C. § 2254. Presently before the Court are Petitioner's motion to stay the petition for writ of *habeas corpus* and Respondent's motion to dismiss. For the reasons stated below, the Petitioner's motion to stay the petition for writ of *habeas corpus* is denied and Respondent's motion to dismiss is granted.

## BACKGROUND

Following a February 2001 jury trial in the Circuit Court of Cook County, Illinois, Petitioner was convicted of first degree murder and sentenced to a term of thirty-five years of imprisonment.

Petitioner appealed his conviction and sentence to the Illinois Appellate Court, First District; and on November 7, 2002, the state appellate court affirmed. Petitioner did not file a petition for leave to appeal ("PLA") in the Illinois Supreme Court.

On March 28, 2003, Petitioner filed, in the state trial court, a *pro se* petition for post-conviction relief pursuant to 725 ILCS 5/122-1 *et seq*. The post-conviction petition raised five

---

[1] Dave Rednour is presently the warden at Menard Correctional Center and is substituted as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United Sates District Courts; Fed. R. Civ. P. 25(d); *Rumsfield v. Padilla*, 542 U.S. 426, 435-55 (2004).

claims: (1) appellate counsel was ineffective for not arguing on direct appeal that the state failed to prove him guilty of murder beyond a reasonable doubt; (2) the state failed to prove him guilty of murder beyond a reasonable doubt; (3) the state failed to prove that he was guilty under an accountability theory; (4) the state unlawfully amended the indictment; and (5) appellate counsel was ineffective for failing to argue on direct appeal that the state unlawfully amended the indictment.

On May 8, 2003, the state trial court dismissed Petitioner's post-conviction petition as frivolous and patently without merit. Petitioner contends that he did not receive notice of this dismissal until September 20, 2003, after he had written to the state court asking for a status sheet for the case. On September 29, 2003, Petitioner moved for leave to file a late notice of appeal. The appellate court denied the motion on October 8, 2003, finding that it lacked jurisdiction under Illinois Supreme Court Rule 606(c), which requires an appellant who has missed the thirty-day deadline for filing a notice of appeal to seek leave to file a late notice of appeal by either filing a motion in the appellate court within thirty days of the expiration of the deadline showing a reasonable excuse for the delay; or (2) filing a motion in the appellate court within six months of the expiration of the deadline showing that the appeal has merit and that the delay was not due to the appellant's culpable negligence. On November 2, 2003, Petitioner filed a late notice of appeal in the appellate court. On November 21, 2003, the appellate court denied the late of notice appeal. Petitioner claims that he did not receive the appellate court's denial of his late notice of appeal until some time after February 24, 2004.

On March 22, 2004, Petitioner filed a successive postconviction petition in the state trial court raising six claims: (1) his first postconviction petition should have been reinstated because he did not receive prompt notice of its May 8, 2003, dismissal; (2) appellate counsel was

ineffective for failing to consult with Petitioner; (3) appellate counsel was ineffective for failing to argue on direct appeal that the State failed to prove him guilty beyond a reasonable doubt; (4) the state failed to prove him guilty beyond a reasonable doubt; (5) the state failed to prove him guilty under an accountability theory; and (6) Petitioner was actually innocent. In April 2004, Petitioner sought leave to amend his successive postconviction petition.

On May 18, 2004, the state trial court denied the motion for leave to amend the successive postconviction petition. The state trial court made the following factual finding regarding Petitioner's contention that he did not receive notice of the dismissal of his first postconviction petition within ten days of the May 8, 2003 dismissal order:

> I found out through a person of the court records that [defendant's] case was dismissed on May 8, 200[3] and notice was sent out to the Clerk's Office on May 9, 200[3]. His amended pro se motion for post-conviction release [*sic*] was predicated upon the fact that he did not receive notice within ten days that it was supposed to be mailed to him. That is incorrect. The court records contradict that.

Petitioner appealed the denial of his successive postconviction petition to the state appellate court. The state appellate court remanded with instructions to the trial court to docket the successive postconviction petition for further consideration on the ground that the trial court only denied the motion for leave to amend but failed to rule on the successive postconviction petition. Following remand, Petitioner's appointed counsel filed a supplemental postconviction petition raising the claims that appellate counsel was ineffective for failing to argue on direct appeal that (1) the trial court erroneously refused to instruct the jury on unreasonable self-defense or defense of others and (2) the prosecutor committed misconduct during closing argument to the jury. On October 23, 2009, the state trial court dismissed the successive

postconviction petition because Petitioner failed to make a substantial showing of a denial of a constitutional right.

Petitioner appealed the dismissal of the successive postconviction petition to the state appellate court. The appellate court affirmed the triall court, observing that, under Illinois law, a successive postconviction petition may be advanced to an evidentiary hearing where the petitioner demonstrates actual innocence, and that the present Petitioner had failed to demonstrate actual innocence because the affidavit that he had submitted in support of his actual innocence claims was not newly discovered and did not contradict the evidence at trial.

On December 9, 2009, Petitioner filed a PLA, arguing that he should have been granted an evidentiary hearing on his successive postconviction petition because he had successfully claimed actual innocence and that the state process was ineffective because his ineffective assistance of counsel claims were not advanced on appeal. On January 27, 2010, the Illinois Supreme Court denied the PLA.

While the proceedings above were taking place, Petitioner filed a second successive postconviction petition in the state trial court in May 2008. The second successive postconviction petition claimed that: (1) he was actually innocent and (2) he was denied effective assistance of counsel in regard to his successive postconviction proceedings. In July 2008, the state trial court denied Petitioner leave to file his second successive postconviction petition. Petitioner appealed the denial of leave to file the second successive postconviction petition to the state appellate court. That appeal remains pending. Petitioner raises one claim in that appeal: the trial court erred by denying him leave to file his second successive postconviction petition where it asserts a claim of actual innocence.

4

In addition, in September of 2008, Petitioner filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 in the state trial court. The state trial court dismissed the petition for relief from judgment in December 2008 because it was untimely and Petitioner had not set forth any exceptions to the time limitations for such a motion. The trial court also determined that the petition for relief from judgment failed to advance a claim or defense that would merit relief under Section 2-1401, and, alternatively, found that Petitioner had not demonstrated a basis for leave to file a successive postconviction petition. Petitioner appealed the denial of his petition for relief from judgment to the state appellate court. Petitioner's appointed counsel in that appeal moved to withdraw based on her conclusion that an appeal would be meritless. The appellate court allowed the motion under *Pennsylvania v. Finely*, 481 U.S. 551 (1997), after determining that there no issues of arguable merit to be asserted on appeal. Petitioner filed a PLA in the Illinois Supreme Court that is still pending.

The instant petition for a writ of *habeas corpus* was filed by Petitioner in this Court on April 27, 2010, raising multiple claims: (1) Petitioner is actually innocent; and (2) the state review process is ineffective because it did not provide a proper avenue for review of Petitioner's claims that appellate counsel was ineffective for failing to argue on direct appeal that (a) the state failed to prove him guilty beyond a reasonable doubt, (b) the state failed to prove him guilty under an accountability theory, (c) the trial court erroneously failed to instruct the jury on the defense of unreasonable self-defense and defense of others, and (d) the prosecutor committed error during closing argument to the jury. Petitioner also filed a motion to stay the instant federal habeas proceedings, arguing that the petition should be stayed because (1) the instant petition includes a claim of actual innocence, (2) the appeal relating to his second

successive postconviction petition, raising an actual innocence claim, is still pending in the state appellate court, and (3) the denial of his Section 2-1401 petition is also pending on appeal.

Respondent argues that the motion to stay should be denied because Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and he is not entitled to equitable tolling.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part, that:

> (1) A 1-year period of limitations shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, . . . . or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A),(D). However, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

Petitioner's conviction became final on November 28, 2002, twenty-one days after the appellate court's decision and the deadline for filing a PLA in the Illinois Supreme Court. *See* Ill. S.C. Rule 315(b); 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his first postconviction petition on March 23, 2003, 119 days after his direct review process concluded. This postconviction petition proceeding tolled the limitations period until May 8, 2003, when the state trial court

6

dismissed the petition. The limitations period began to run again following the dismissal of the petition. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2008); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Petitioner filed his first successive postconviction petition on March 22, 2004, three hundred and eighteen days later. Thus, 437 days of untolled time lapsed before Petitioner filed his first successive postconviction petition. Petitioner's subsequent state court filings would not affect the running of the statute of limitations period because the one-year period had already lapsed. *See Graham v. Borgen*, 483 F.3d 475, 483 (7th Cir. 2007) (petition filed after expiration of AEDPA's one-year limitations period has no tolling effect); *Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (state post-conviction petition filed well after limitations period under Section 2244(d)(1)(A) had expired did not render federal habeas petition timely); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding.").

In addition, neither the second successive post conviction nor the Section 2-1401 petition was "properly filed" for purposes of Section 2244 limitations period. Petitioner was denied leave to file the second successive petition and his Section 2-1401 petition was dismissed as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (postconviction petitioner rejected by state court as untimely was not "properly filed" for purposes of statutory tolling under Section 2244(d)(2); *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (successive postconviction petition does not toll Section 2244 limitations period where Illinois state court denied petitioner leave to file such petition).

7

Furthermore, Petitioner's September 29, 2003, motion for leave to file a late notice of appeal relating to his first postconviction petition also had no tolling effect because it was not "properly filed." *See Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000) (state court filing rejected on procedural grounds not "properly filed" for purposes of Section 2244 limitations period). In addition, even if the improperly filed motion and notice to the state appellate court were given a tolling effect, Petitioner's motion for leave to file a late notice of appeal would have tolled only eight additional days between its September 29, 2003, filing and its denial on October 8, 2003, and another nineteen days between the November 2, 2003, filing of the notice of appeal and its November 21, 2003, denial. Thus, even if these twenty-seven days were subtracted from the untolled time that lapsed prior to the filing of the instant petition, it would still be untimely.

In his present habeas petition, Petitioner argues that he is entitled to equitable tolling because he did not learn about the May 8, 2003, dismissal of his first postconviction petition until September 20, 2003, when he promptly sought leave to appeal the dismissal of that petition.

Equitable tolling is available in a habeas proceeding. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010); *Socha v. Pollard*, ___ F.3d ___, ___, 2010 WL 3447732, *6 (7th Cir. Sept. 3, 2010). Equitable tolling is only available if the Petitioner demonstrates that (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. *See Holland*, 130 S. Ct. at 2562; *Socha*, 2010 WL 3447732 at *6.

Petitioner has not demonstrated that he is entitled to equitable tolling. The state trial court that reviewed Petitioner's successive postconviction petition found that he was promptly

notified of the dismissal of his first postconviction petition. This factual finding by the state court is presumed correct unless rebutted by Petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not presented such evidence. In addition, the trial court's certified statement of conviction supports the trial court's finding, indicating that notification of the dismissal was sent to Petitioner on May 9, 2003, the day after entry of the order. The state court record also includes a handwritten docket entry indicating that notification of dismissal was sent to Petitioner on May 9, 2003, as well as a copy of a May 9, 2003, notice to Petitioner indicating that his postconviction petition was denied on May 8, 2003.

Furthermore, Petitioner did not diligently pursue his rights. Petitioner's lack of notice regarding the dismissal order would not have prevented him from timely filing the instant habeas petition. Only 134 days lapsed between May 8, 2003, and September 20, 2003, the date on which Petitioner alleges that he learned of the dismissal of his postconviction petition. Adding the 119 days of untolled time that lapsed between the conclusion of his direct review process and the filing of his first postconviction petition, a total of 253 days of untolled time had lapsed when he learned of the trial court's dismissal. Thus, he still had 112 days to file the instant habeas petition.

Even if this Court found equitable tolling was appropriate, the instant habeas petition would still be untimely. Petitioner asserts that he learned of the dismissal of his postconviction petition on September 20, 2003; however, he waited until March 22, 2004, to file a successive state postconviction petition. If it is assumed that the time period between the filing of the first postconviction, March 28, 2003, and the appellate court's rejection of his request to file a late notice of appeal on October 8, 2003, another 165 days of untolled time would have lapsed

between the conclusion of the first state postconviction petition and the filing of his second state postconviction petition. Added to the 119 days of untolled time that lapsed between the conclusion of his direct review process, a total of 284 days of untolled time would have lapsed until January 27 2010, the date on which the Illinois Supreme Court concluded the proceedings related to his second successive postconviction petition by denying his PLA. An additional 89 days lapsed between the denial of the PLA and the day on which he mailed the instant petition, for a total of 373 days of untolled time. Thus, more than one year lapsed and the instant petition remains untimely.

Petitioner also argues that the trial court's failure to promptly notify him of the dismissal of his petition constitutes a state impediment that caused the delay in filing the instant habeas petition.

Section 2244(d)(1)(B) provides that the one-year limitations period does not begin to run until "the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). State action only constitutes an "impediment" for purposes of this section of it "prevent[s] a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). For example, the state's failure to provide a petitioner with a key transcript did not trigger Section 2254(d)(1)(B) because the petitioner could have filed his petition without the transcript. *See Lloyd*, 296 F.3d at 633.

Likewise, the State's asserted failure to notify Petitioner of the dismissal of his first state postconviction did not prevent Petitioner from filing a federal habeas petition during that time

period and did not prevent him from timely filing a federal habeas petition shortly after September 20, 2003, when he asserts that he learned of the dismissal.

Petitioner also includes a claim of actual innocence based on a February 5, 2003, affidavit by Debra Dean. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Evidence of actual innocence may allow the consideration of a habeas petitioner's procedurally defaulted claims, *Schlup v. Denlo*, 513 U.S. 298, 327 (1995); but it does not evade the statutory timeliness rules, *Escamilla*, 426 F.3d at 871-72. In other words, actual innocence without a newly discovered claim "does nothing at all." *Escamilla*, 426, F.3d at 872. Actual innocence is "unrelated to the statutory timeliness rules." *Escamilla*, 426, F.3d at 871.

Petitioner relies on the February 5, 2003, affidavit as "new evidence to support his actual innocence claim. The statute of limitations period runs from the time that a petitioner could have discovered, through the exercise of due diligence, the facts giving rise to his claim, not when the petitioner actually obtains evidence supporting the claim. *See* 28 U.S.C. § 2244(d)(1)(D); *Escamilla*, 426 F.3d at 871. However, Petitioner's "actual innocence" was a fact discoverable at the time of his trial. Furthermore, even if the Court used February 5, 2003, as the starting date for the limitations period, over one year of untolled time still lapsed: 318 days of untolled time lapsed between the May 8, 2003 dismissal of Petitioner's first postconviction petition and the March 22, 2004, filing of his first successive postconviction petition, and an additional 89 days lapsed between the January 27, 2010, denial of the PLA related to his first successive

postconviction petition and the filing of the instant federal habeas petition, for a total of 407 days of untolled time.

Petitioner also argues that his present habeas petition should be considered timely because the state appellate court's denial of his late notice of appeal "did not rest on 'independent and adequate' state law." He contends, that the denial of his late notice of appeal was inadequate because it was unexpected and freakish; thus, the notice of appeal should be considered properly filed.

Whether the state court's decision was based on adequate and independent grounds relates to whether a habeas petition claim is procedurally defaulted. A habeas corpus petition must survive procedural default before a federal court may address the merits of the petition. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). One way a procedural default occurs is when a state court rejects a petitioner's claim pursuant to an adequate and independent state procedural or substantive ground. *Coleman*, 501 U.S. at 729-30. Whether a claim was decided based on adequate and independent state grounds is not determinative as to whether the habeas petition was timely filed or whether equitable estoppel should be applied; it applies only as a possible procedural bar. *See Coleman*, 501 U.S. at 729-30. Accordingly, Petitioner's argument is meritless.

## CONCLUSION

For the reasons stated above, the Respondent's motion to dismiss [13] is granted. Petitioner's petition for *habeas corpus* is dismissed with prejudice. Petitioner's motion to stay [4] is denied. The habeas petition is dismissed with prejudice as untimely.

Dated: October 26, 2010

                                                _____
Joan H. Lefkow
United States District Court Judge